UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL W., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. C23-6112-BAT <br><br> **ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE** |

Plaintiff Daniel W. seeks review of the denial of his application for Supplemental Security Income and Disability Insurance Benefits. He contends that the ALJ erred in rejecting his testimony and the medical opinions and in finding him not disabled at step five. Dkt. 9. The Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is currently 52 years old, has a high school education, and has worked as a wharf laborer. Tr. 35. He applied for benefits in December 2020, alleging disability as of March 2018; he later amended his alleged onset date to October 2018. Tr. 47, 218, 220. After his applications were denied, the ALJ conducted a hearing and, on March 1, 2023, issued a decision finding plaintiff not disabled. Tr. 17-37. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. Tr. 1.

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 1

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date; he had the following severe impairments: obesity, diabetes, bilateral hip abnormalities, coronary artery disease status post-myocardial infarction, and hypertension; and these impairments did not meet or equal the requirements of a listed impairment. Tr. 19-23. The ALJ found that plaintiff had the residual functional capacity to perform light work with additional climbing, postural, and environmental limitations. Tr. 24. The ALJ found that plaintiff could not perform his past work but, as there are jobs that exist in significant numbers in the national economy that plaintiff could perform, he is not disabled. Tr. 35-37.

## DISCUSSION

The Court may reverse the ALJ's decision only if it was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not be reversed if the ALJ committed harmless error. *Id.* at 1111. The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's interpretation. *Id.*

    **A.**    **Plaintiff's testimony**

Plaintiff argues that the ALJ erred in evaluating plaintiff's testimony. Dkt. 9 at 3. An ALJ must give specific, clear, and convincing reasons for discounting a plaintiff's testimony about the impact of his limitations on his ability to sustain work activity. *Lambert v. Saul*, 980 F.2d 1266,

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 2

1277 (9th Cir. 2020). The Court finds that the ALJ did not harmfully err in assessing plaintiff's testimony.

The ALJ found that inconsistencies in the evidence undermined plaintiff's symptoms testimony. Tr. 25. The ALJ found that a primary inconsistency was plaintiff's alleged need to walk with an assistive device, finding that plaintiff's use of a cane was not medically necessary and that his rare appearances with a cane at medical appointments was evidence of malingering. *Id.* The ALJ noted that plaintiff almost always presented to medical appointments with normal, steady, or tandem gait with no mention of use of an assistive device, with the exception of two appointments where he presented with a cane—a consultative evaluation in July 2019 and a September 2021 appointment with normal examination findings and "essentially normal" imaging results—and one appointment where he presented with an antalgic gate three weeks before the hearing in this case. Tr. 25-26. The ALJ found no other instances in the record where plaintiff was noted to have a limp or use a cane. Tr. 26.

Plaintiff argues that the ALJ violated SSR 16-3p by focusing on plaintiff's "overall character or truthfulness," rather than giving specific reasons based on the evidence for rejecting specific testimony. Dkt. 9 at 5. Although the ALJ used the term "malingering," the ALJ focused on how the evidence in the record failed to support plaintiff's testimony about the need for a cane. The use of this term did not in itself transform the ALJ's assessment of plaintiff's testimony into an improper evaluation of plaintiff's character.

Plaintiff also argues that the ALJ took plaintiff's testimony about his need to use a cane out of context, asserting that he did not use a case because of an abnormal gait, but instead for balance and to alleviate back and foot pain caused by his obesity. Dkt. 9 at 5-6. He lists various treatment notes where providers addressed his low back pain, arguing that these records do not

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 3

1  support the ALJ's finding. *Id.* at 6-9. However, while these treatment notes address plaintiff's
2  reports of low back pain, none of them discuss a need for a cane or, other than the notes
3  identified by the ALJ, note that plaintiff presented with a cane. These treatment notes do not
4  undermine the ALJ's finding that plaintiff's testimony about his need to use a cane is
5  inconsistent with the medical evidence.

6  Plaintiff argues that any inconsistency about when and how often plaintiff used a cane
7  was minor and not indicative of malingering. But determining whether inconsistencies are
8  material, or are in fact inconsistencies at all, falls within the ALJ's responsibility. *Morgan v.*
9  *Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999). The ALJ made specific findings,
10  based on evidence in the record, that plaintiff's testimony about his need for a cane was
11  inconsistent with his presentation to medical providers and with the absence of statements by his
12  providers that a cane was medically necessary. Because this finding was a rational interpretation
13  of the evidence, the Court may not disturb it.

14  The ALJ also found that the results of plaintiff's straight leg raising tests constituted
15  another inconsistency in the record. Tr. 26. The ALJ found that plaintiff had a positive straight
16  leg raising test at a disability consultative examination but had negative straight leg raising tests
17  at other medical appointments unconnected to his disability application, which the ALJ found to
18  be further evidence that plaintiff malingered at the disability consultative evaluation. *Id.* Citing to
19  information published by the National Institute of Health, the ALJ noted that the straight leg
20  raise test depends on a claimant's accurate report of pain and can thus be manipulated. *Id.*

21  Plaintiff argues that this finding is not supported because no medical source questioned
22  plaintiff's pain complaints on the basis of his straight leg raising tests. Dkt. 9 at 9. But the ALJ
23  was entitled to consider the inconsistent findings on straight leg raising tests, even if no medical

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 4

source discussed the inconsistency. Plaintiff further argues that the ALJ improperly served as his own medical expert by determining the significance of a medical test on his own. *Id.* However, as the Commissioner argues (Dkt. 11 at 7), even if the ALJ improperly went beyond defining the test and explaining its purpose, any error was harmless because the inconsistent results are documented in the record, and the ALJ was entitled to rely on that inconsistency in evaluating plaintiff's testimony. Any error in the ALJ's discussion of the NIH material was harmless. *Molina*, 674 F.3d at 1122.

The ALJ also found that plaintiff's statements about his activities were inconsistent with his allegations of total disability, noting that plaintiff reported that he likes to go out and do things like fishing and that he is active with lawn mowing and working around the house. Tr. 27. The ALJ also found that plaintiff made inconsistent statements about his ability to drive, reporting in 2019 that he drove himself to the clinic and stating in 2021 that he does not have a license and does not drive. *Id.*

Plaintiff argues that it is unclear from the record whether, when, and how often plaintiff performed the activities he reported. Dkt. 9 at 9. He also notes that the different statements regarding his ability to drive were made two years apart. *Id.* at 10. Daily activities that do not contradict a claimant's other testimony or meet the threshold for transferrable work skills cannot form the basis of an adverse credibility determination. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The ALJ did not explain how these statements, which contained no indication of how frequently or vigorously plaintiff engaged in these activities, contradicted plaintiff's testimony, nor did the ALJ identify a conflict between plaintiff's reported change in driving status over the course of two years and his testimony. The reports the ALJ identified do not support the ALJ's finding about plaintiff's activities.

However, the ALJ's use of an invalid reason to support his adverse credibility finding may be harmless if, despite the error, there remains substantial evidence to support the ALJ's conclusion. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195-97 (9th Cir. 2004). Because the ALJ gave other, valid reasons to discount plaintiff's testimony, the error here is harmless.

The ALJ found that the record contained evidence of noncompliance, noting that when plaintiff was admitted to the hospital for treatment of his heart condition, he left against medical advice because he was unhappy with being restricted from taking anything by mouth, later reporting to his primary care physician that he walked out of the facility because he was frustrated with the hospital, that his chest pain had subsided, and that he had poor compliance with his medications including his cholesterol medications. Tr. 27. He further reported that he had recently stopped taking his medications because he hates pills. *Id.*

Unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment can be a clear and convincing reason to discount a claimant's testimony, although the ALJ must consider a claimant's proffered reasons for not doing so. *See Trevizo v. Berryhill*, 871 F.3d 664, 679-80 (9th Cir. 2017). Plaintiff asserts that the ALJ failed to consider plaintiff's reasons for noncompliance, noting his reports that he felt nauseated due to being unable to eat or drink and that his chest pain had subsided by the time he left the hospital. Dkt. 9 at 10. Plaintiff also suggests the ALJ erred by failing to ask him why he hated taking pills or establishing that his noncompliance with medication had any bearing on his testimony about limitations caused by back and foot pain compounded by obesity. *Id.* at 11. But the ALJ considered the reasons plaintiff gave in the record for noncompliance, including the statements plaintiff identified above. And the ALJ was entitled to consider plaintiff's noncompliance with

treatment for his heart condition when evaluating his testimony about limitations caused by that impairment. Plaintiff has not established that the ALJ erred in considering plaintiff's noncompliance with treatment.

The Court finds that plaintiff has failed to demonstrate that the ALJ's decision to discount plaintiff's testimony was unsupported by substantial evidence or the result of harmful legal error.

**B.     Medical opinions**

Plaintiff argues that the ALJ erred in rejecting multiple medical opinions. Dkt. 9 at 11. The ALJ considers the persuasiveness of medical opinions using five factors (supportability, consistency, relationship with claimant, specialization, and other), but supportability and consistency are the two most important factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2), (c) (2017). The ALJ must explain in the decision how persuasive he or she finds a medical opinion or a prior administrative medical finding based on these two factors. 20 C.F.R. §§ 404.1520c(b), 416.920c(b) (2017). The ALJ may, but is not required to, explain how he or she considered the other remaining factors, unless the ALJ finds that two or more medical opinions or prior administrative medical findings about the same issue are both equally well-supported and consistent with the record, but not identical. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3) (2017). Nevertheless, an ALJ cannot reject a medical opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

1.     *Helena Albertin, ARNP*

Helena Albertin, ARNP, opined in February 2021 that plaintiff has to lie down for 10 to 60 minutes throughout the day, he has to sit and elevate his right leg throughout the day, and he would miss more than four workdays per month and he would be unable to complete an eight-

hour workday; she rated plaintiff's exertional level as severely limited because he is unable to lift at least two pounds or unable to stand and/or walk. Tr. 444-45.

The ALJ found this opinion not persuasive because it was unsupported and inconsistent with the medical record. Tr. 33. The ALJ found that the opinion mostly repeated plaintiff's unreliable self-reports, noting for example that Ms. Albertin's statement that plaintiff must sit and elevate his right leg throughout the day is not reported anywhere else in the record except for in Dr. Novotney's statement that "patient does report he has to elevate his legs during the day." Tr. 33. The ALJ found this was also true of Ms. Albertin's statement that plaintiff must lie down for 10 to 60 minutes throughout the day, which the ALJ found was not reported elsewhere in the record. *Id.* The ALJ found Ms. Albertin's opinion that plaintiff was unable to lift two pounds or unable to stand and/or walk was inconsistent with plaintiff's statements about his activities of daily living. *Id.* And the ALJ found that Ms. Albertin relied on "chronic back pain x 11 years" but this is not a diagnosis, and the severe limitations she opined were inconsistent with the benign imaging of plaintiff's back. *Id.*

Plaintiff argues that the fact that a limitation is not noted in the medical record is not a reason to reject it because the primary function of medical records is to promote communication and record-keeping, not to provide evidence for disability determinations. Dkt. 9 at 12. However, the ALJ is required to assess how consistent and supported an opinion is. The ALJ could rationally conclude that a limitation not mentioned elsewhere in the record except in the context of the claimant's own statements is neither consistent with nor supported by the record.

Plaintiff also argues that Ms. Albertin's opinion about plaintiff's need to lie down during the day is consistent with his impairments. Dkt. 9 at 12-13. Even if this is true, this assertion

merely posits an alternative interpretation of the evidence, which the ALJ was not required to accept and which this Court cannot rely on to find error in the ALJ's decision.

Plaintiff argues that the record does not establish that plaintiff performed the activities the ALJ identified as inconsistent with Ms. Albertin's opinion on a regular basis. Dkt. 9 at 13. The ALJ found Ms. Albertin's opinion that plaintiff is unable to lift at least 2 pounds or unable to stand and/or walk was "significantly inconsistent" with plaintiff's reports that he likes to go out and do things like fishing and is active with lawn mowing and working around the house. Tr. 33. Even if the record does not establish how frequently plaintiff performs these activities, the ALJ could rationally conclude that his ability to perform these activities on any level was inconsistent with the severe limitations Ms. Albertin opined.

Plaintiff also notes that the ALJ found Ms. Albertin's opinion inconsistent with the "benign" imaging of plaintiff's back and describes various imaging results. Dkt. 9 at 13. However, despite describing imaging results, plaintiff makes no argument as to how these results undermine the ALJ's finding. Moreover, in making this finding, the ALJ cited to Dr. Geffen's statement that he had "emphasized the benign implication of [plaintiff's] imaging findings" to plaintiff. Tr. 33 (citing Tr. 721). The ALJ could rationally find this report of benign imaging to be inconsistent with Ms. Albertin's opinion of severe limitations.

Finally, plaintiff asserts that the ALJ failed to consider that plaintiff had other objectively diagnosed conditions, such as sleep apnea, hypertension, cardiac failure, neuropathy, gout, morbid obesity, anxiety, and depression that contributed to his difficulty with standing and walking. Dkt. 9 at 13. However, the ALJ found several of the conditions plaintiff identifies to be medically determinable severe impairments (obesity, diabetes, coronary artery disease, and hypertension), and found others to be medically determinable but not severe (lumbar spine

degenerative changes, anxiety, and depression), and stated that he considered all severe and non-severe impairments in assessing plaintiff's residual functional capacity. Tr. 19-20. Plaintiff's conclusory assertion otherwise is insufficient to establish error in the ALJ's assessment of Ms. Albertin's opinion.

The ALJ gave valid explanations, supported by substantial evidence, for finding Ms. Albertin's opinion not persuasive. Plaintiff has failed to demonstrate that the ALJ's assessment of Ms. Albertin's opinion was unsupported by substantial evidence or based on legal error.

    2.    *Dr. Novotney*

Jonathon Novotney, D.O., opined in November 2022 that plaintiff would miss four or more workdays per month and be unable to complete an eight-hour workday, that plaintiff's abilities were severely limited and he was unable to stand or walk for a full workday, and that plaintiff would be unable to stand for more than 10 minutes or sit for more than 30 minutes due to severe pain. Tr. 1019-20.

The ALJ found this opinion not persuasive because it was unsupported and inconsistent with the medical record. Tr. 34. The ALJ found that this opinion was distinctly inconsistent with Dr. Novotney's prior statements, particularly his statement that "I have emphasized the benign implication of his imaging findings. I have encouraged him to stay as active as possible. I have recommended against any spinal injections at this time." Tr. 34 (citing Tr. 721). The ALJ also noted that plaintiff presented using a cane and with a slightly antalgic gait at this visit when asking Dr. Novotney for a medical source statement. *Id.* And the ALJ found the opinion to be inconsistent with Dr. Novotney's treatment notes and the longitudinal record, and more consistent with plaintiff's malingering behaviors at this visit. *Id.*

Plaintiff points out that the statement about benign imaging findings the ALJ found to be inconsistent with Dr. Novotney's opinion was made by Jonathan Geffen, DO, not Dr. Novotney. Dkt. 9 at 14. While plaintiff is correct that the ALJ misidentified the doctor who made the statement, plaintiff has made no argument as to how this was a harmful error. The inconsistency between Dr. Novotney's opinion and Dr. Geffen's assessment of plaintiff's MRI remains. Moreover, Dr. Novotney referred to this MRI in formulating his opinion: "Patient has MRI dated 3/2021 with notable degenerative changes throughout the spine." Tr. 1019. This assessment of "notable degenerative changes" was inconsistent with Dr. Geffen's assessment of "benign" findings based on the same MRI. As with Ms. Albertin's opinion, the ALJ could rationally find Dr. Novotney's opinion of severe limitations to be inconsistent with this report of benign imaging findings, even though it came from another provider. The Court finds the ALJ's misidentification of the doctor who made the statement to be a harmless error.

In addition, the ALJ gave other reasons for finding Dr. Novotney's opinion not persuasive, including plaintiff's presentation with a cane at this visit where he sought a medical source statement from Dr. Novotney and the opinion's inconsistency with Dr. Novotney's treatment notes and the longitudinal record, none of which plaintiff challenges. The Court finds that the ALJ gave valid explanations, supported by substantial evidence, for finding Dr. Novotney's opinion not persuasive. Plaintiff has failed to establish that the ALJ's assessment of Dr. Novotney's opinion was unsupported by substantial evidence or the result of harmful legal error.

3.     *Dr. Ledesma*

Shannon Ledesma, Ph.D., examined plaintiff in July 2019 and opined that he had the ability to perform simple, repetitive tasks but would have difficulty with detailed and complex

tasks; he was not able to physically perform light repetitive tasks; he would have some difficulty interacting with coworkers and the public; and he may have some difficulty accepting instructions from supervisors. Tr. 293.

The ALJ found this opinion not persuasive because it was unsupported and inconsistent with the medical record. Tr. 21. The ALJ found that plaintiff complained of a history of depression and Dr. Ledesma diagnosed the same, but the ALJ found no such history in the record and noted that months before this evaluation, at an appointment regarding his diabetes, plaintiff denied having depression. *Id.* The ALJ found that after this evaluation plaintiff began alleging anxiety and panic attacks and other providers assigned him those diagnosis, but the ALJ found that plaintiff has a pattern of malingering that has influenced disability evaluations including this one. *Id.* And the ALJ found that Dr. Ledesma was privy to few records when she conducted her evaluation and although she conducted testing, her opinion closely follows plaintiff's unreliable allegations. *Id.*

Plaintiff argues that the ALJ's finding regarding the lack of history of depression in the record did not fairly or accurately characterize the evidence, asserting that his primary care provider treated him for depression and anxiety throughout the relevant period and that he reported limitations consistent with these diagnoses. Dkt. 9 at 15. Plaintiff refers to treatment notes dated after Dr. Ledesma's examination. Dkt. 9 at 16-17. These notes do not undermine the ALJ's finding that plaintiff denied depression prior to Dr. Ledesma's examination and began alleging anxiety and panic attacks after her examination. The ALJ could rationally conclude that Dr. Ledesma's opinion was inconsistent with these aspects of the record.

In addition, plaintiff does not challenge the ALJ's finding that Dr. Ledesma's opinion reflected plaintiff's complaints rather than the results of her testing. Dr. Ledesma's mental status

examination revealed almost completely normal findings, including no difficulty with focus, memory, or concentration. Tr. 292. The ALJ was entitled to find Dr. Ledesma's opinion unsupported by and inconsistent with the normal findings on the testing she conducted.

The Court finds that the ALJ gave valid explanations, supported by substantial evidence, for finding Dr. Ledesma's opinion not persuasive. Plaintiff has not established that the ALJ's assessment of Dr. Ledesma's opinion was unsupported by substantial evidence or the result of legal error.

4.   *Dr. Marks*

Norah Marks, Ph.D., examined plaintiff in August 2021 and opined that he had marked impairments in the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; to ask simple questions or request assistance; to communicate and perform effectively in a work setting; and to complete a normal workday and work week without interruptions from psychologically based symptoms. Tr. 667.

The ALJ found this opinion not persuasive because it was unsupported and inconsistent with the medical record. Tr. 22. The ALJ found that Dr. Marks reviewed no records before the evaluation, she interviewed plaintiff over the phone with no opportunity to personally observe him, and she relied on plaintiff's self-report. *Id.* The ALJ found that plaintiff's self-report at this evaluation was inaccurate, having told Dr. Marks that he weighed 550 pounds and had lost 80 pounds, whereas medical records from shortly before this examination showed that he weighed 408 pounds, and he weighed even less shortly after this examination. *Id.*

The ALJ found that although Dr. Marks stated that plaintiff described symptoms of panic disorder and she diagnosed social anxiety, this is the only mention or diagnosis of social anxiety

in the record. Tr. 22. The ALJ found that plaintiff had previously denied anxiety and panic attacks but began complaining of anxiety and was diagnosed with anxiety one month after applying for benefits; he did not complain of panic attacks until the evaluation with Dr. Marks and he inconsistently reported having panic attacks after this visit. Tr. 22.

Plaintiff argues that the fact that Dr. Marks considered plaintiff's self-report is not a valid reason to reject her opinion, asserting that an ALJ does not provide a valid reason for rejecting a medical opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports her ultimate opinion with her own observations. Dkt. 9 at 16 (citing *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1200 (9th Cir. 2008)). But the ALJ did not reject Dr. Marks's opinion merely because she considered plaintiff's self-report. Rather, the ALJ noted that Dr. Marks had no records available to review before the evaluation, she was unable to personally observe plaintiff because the evaluation was conducted over the phone, and plaintiff's self-report contained demonstrable inaccuracies when compared to the medical record. Tr. 22. The ALJ could rationally conclude that all these factors together undermined the persuasiveness of the opinion.

Plaintiff argues that the ALJ did not establish that he made any material misrepresentations, asserting that it was unclear whether Dr. Marks understood that plaintiff weighed 550 pounds down from 630 or that he weighed 470 pounds down from 550, and that in any event, his precise weight had little bearing on his mental functioning. Dkt. 9 at 16. But again, it is for the ALJ to determine whether an inconsistency is material and whether the existence of an inconsistency is relevant to the evaluation of medical opinions. *See Morgan*, 169 F.3d at 603. Even if the Court could accept plaintiff's more favorable interpretation of his statements about his weight, a discrepancy nevertheless remains. And while plaintiff may be correct that his

precise weight was not consequential to his mental functioning, the ALJ was entitled to find that plaintiff's misrepresentation about his weight to Dr. Marks undermined the overall persuasiveness of her opinion.

Plaintiff also challenges the ALJ's reliance on the fact that no other medical provider diagnosed plaintiff with social anxiety, asserting that other providers treated him for anxiety more generally and that Dr. Marks conducted a more thorough evaluation of plaintiff and was therefore able to make a more precise diagnoses. Dkt. 9 at 17. However, plaintiff merely proposes a more favorable interpretation of the opinion. The ALJ could rationally conclude that the fact that Dr. Marks gave plaintiff a diagnosis that no other provider gave made her opinion inconsistent with and unsupported by the record.

Plaintiff argues that the fact that the evaluation was conducted telephonically is not a reason to reject it. Dkt. 9 at 16. As plaintiff notes, the examination was conducted during the COVID-19 pandemic, when disability evaluations were routinely conducted remotely. Given the extraordinary circumstances of the pandemic and the need to transition to remote encounters for the safety of all participants, it would be improper to reject an opinion on this basis alone. However, because the ALJ gave other, valid reasons for finding the opinion not persuasive, any error here was harmless. *Molina*, 674 F.3d at 1122.

The Court finds that the ALJ gave valid explanations, supported by substantial evidence, for finding Dr. Marks's opinion not persuasive. Plaintiff has not established that the ALJ's assessment of Dr. Marks's opinion was unsupported by substantial evidence or based on harmful legal error.

**CONCLUSION**

The Court finds that plaintiff has failed to establish that the ALJ's decision was unsupported by substantial evidence or based on legal error. Accordingly, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 13th day of May, 2024.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE - 16